UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| NIKOS BURGINS, # 353295, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: 2:15-CV-105-RLJ-MCLC |
| ) | |
| DERRICK SCHOFIELD, JASON ) | |
| WOODALL, TONY PARKER, GERALD ) | |
| MCALLISTER and BENNY ) | |
| TOWNSEND, ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This prisoner's pro se civil rights action under 42 U.S.C. § 1983 is before the Court on Plaintiff's failure to file an amended complaint. In a memorandum and order entered March 16, 2016 [Doc. 7], the Court allowed Plaintiff twenty (20) days within which to replead his case, in accordance with Rule 8 of the Federal Rules of Civil Procedure, to include only claims that did not involve a violation of the settlement agreement in *Grubbs v. Bradley*, 821 F.Supp. 496 (M.D. Tenn. 1993) [*Id.*]. The order also warned Plaintiff that if he failed to file such a timely pleading, the Court would dismiss his § 1983 action for failure to comply with the orders of the Court [*Id.* p.5].

Months have passed since entry of that order, and Plaintiff has failed to file an amended complaint or otherwise communicate with the Court. Therefore, the Court will dismiss this case for want of prosecution and for failure to comply with the Court's orders. Fed. R. Civ. P. 41(b); *Link v. Wabash R. Co.,* 370 U.S. 626, 630-31 (1962) (recognizing a court's authority to dismiss a case sua sponte for lack of prosecution); *Jourdan v. Jabe*, 951 F.2d 108 (6th Cir. 1991).

In view of the reason for this dismissal, the Court **CERTIFIES** that any appeal from the dismissal would not be taken in good faith.  *See* Fed. R. App. P. 24.  Accordingly, should Plaintiff file a notice of appeal, he also must pay the full appellate filing fee of five-hundred, five dollars ($505.00) or submit a motion for leave to appeal *in forma pauperis* and any required supporting documentation.

**AN APPROPRIATE ORDER WILL ENTER.**

ENTER:

s/ Leon Jordan
United States District Judge